IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY ANDERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PITTSBURGH PUBLIC SCHOOLS, )<br>)<br>Defendant. ) | Civil Action No.  2:20-cv-1278<br><br>JURY TRIAL DEMANDED<br><br>Electronically Filed |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, ANTHONY ANDERSON, by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action to redress the deprivation by the Defendant of the Plaintiff's civil rights, and in particular, the right to be free from illegal, invidious and damaging discrimination in his employment, which rights are guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. (as amended) ("Title VII") and the Civil Rights Act of 1991 (as amended).  Declaratory relief is sought under, and by virtue of, Title 28 U.S.C. §§2201 and 2202.

2. Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. §§ 1331 and 1343(3), and by Title 42 U.S.C. §2000e.

3. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff resides in the Western District of Pennsylvania.

4. Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, and in particular:

    a. Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on or about April 14, 2020;

    b. The EEOC issued a Notice of the Right to Sue dated July 31, 2020, and;

    c. Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

## PARTIES

5. Plaintiff, Anthony Anderson, is an African-American adult individual who resides in Allegheny County, Pennsylvania.

6. Defendant, Pittsburgh Public Schools, is a governmental entity and/or political subdivision of the Commonwealth of Pennsylvania with administrative offices located at 341 South Bellfield Avenue, Pittsburgh, Pennsylvania 15213.

7. At all times relevant hereto, Defendant was acting though its partners, directors, agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

## FACTUAL ALLEGATIONS

8. Plaintiff was employed by Defendant from in or about October of 2016 until in or about October of 2019. At that time, Plaintiff held the position of deputy superintendent.

9. Throughout the course of the Plaintiff's employment with the Defendant, in addition to his job duties as deputy superintendent, Plaintiff also performed job duties of additional positions at the Defendant's request, including, but not limited to, chief academic officer and chief of school performance.

10. From in or about February of 2017 until the Plaintiff's unlawful termination, Plaintiff was the direct supervisor of chief executive secretary, Kristen Frankovich ("Frankovich").

11. In or about March of 2019, Ms. Frankovich filed a charge of discrimination with the EEOC against the Defendant at charge number 533-2019-01184 alleging discrimination based on her race, Caucasian. This charge was cross filed with the PHRC.

12. Plaintiff fully supported Ms. Frankovich in the filing of her charge of discrimination, as described hereinbefore above, and encouraged her to engage in this protected activity.

13. Furthermore, Plaintiff informed various members of the Defendant's leadership of his encouragement of and/or support for Ms. Frankovich.

14. Sometime thereafter, Defendant's communications director, Mercedes Williams, warned the Plaintiff to "be careful" because the Defendant was "looking into" Ms. Frankovich.

15. On or about June 19, 2019, Defendant determined, through its Board, that the Plaintiff's employment contract would not be renewed after its completion in October of 2019.

16. Plaintiff believes, and therefore avers, that his employment contract was not renewed in retaliation for his encouragement of and/or support for Ms. Frankovich's protected activity of filing a charge of discrimination with the EEOC and PHRC.

17. Sometime thereafter, Plaintiff requested to be compensated for the additional job duties that he performed during the course of his employment with the Defendant, as more fully described hereinbefore above at Paragraph 9.

18. Plaintiff requested to be compensated a total of $59,500.00 for the additional job duties of:

   a. chief academic officer, which Plaintiff performed from June of 2017 to July of 2018, at a monthly compensation rate of $3,500.00, totaling $45,500.00; and

   b. chief of school performance, which Plaintiff performed from March of 2019 to July of 2019, at a monthly compensation rate of $3,500.00, totaling $14,000.00.

19. Defendant refused to compensate the Plaintiff for the additional work that he had completed, despite having compensated other administrators for performing supplementary job duties.

20. Plaintiff believes, and therefore avers, that the Defendant refused to compensate the Plaintiff for work he had completed in retaliation for his encouragement of and/or support for Ms. Frankovich's protected activity of filing a charge of discrimination with the EEOC and PHRC.

21. As a direct and proximate result of the Defendant's actions, Plaintiff has been adversely affected, both financially and professionally.

## COUNT I:

## RETALIATION

22. Plaintiff incorporates by reference Paragraphs 1 through 21 as though fully set forth at length herein.

23. As described hereinbefore above, Plaintiff was retaliated against for his encouragement of and/or support for Ms. Frankovich's protected activity of filing a charge of discrimination with the EEOC. Defendant's retaliatory conduct included, but was not limited to, failing to renew the Plaintiff's employment contract and refusing to compensate the Plaintiff for work he

had completed.

24.     As a direct result of the Defendant's retaliatory actions in violation of Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, the Plaintiff has lost wages and other economic benefits of his employment with the Defendant.  In addition, the Plaintiff has incurred counsel fees and other costs in pursuing his legal rights.

25.     Additionally, the Plaintiff has suffered emotional, psychological and physical distress, inconvenience, loss of reputation, humiliation and embarrassment as a direct result of the Defendant's discriminatory and retaliatory conduct as described above.

26.     The actions of the Defendant as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

27.     The actions on the part of the Defendant are part of a plan, practice or pattern of discrimination, which affects others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.  that the Court enter a judgment declaring the actions of the Defendant to be unlawful and violative of Title VII of the Civil Rights Acts of 1964 and 1991;

b.  that, in addition to the damages described hereinbefore above, the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant's violation of the Civil Rights Act of 1991;

c.  that the Court order the Defendant to reinstate the Plaintiff to the position that he held prior to his unlawful termination and increase the Plaintiff's salary to the level to which he would be entitled but for the retaliation described above, together with the accumulated seniority, fringe benefits, position and all other rights associated with that position; or, in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to his lost salary, salary raises, fringe benefits and all other rights to which he would have been entitled but for the Defendant's retaliatory conduct;

d.  that the Court award the Plaintiff compensation for any and all lost salary, wages and benefits;

    e.      that the Court order the Defendant to pay pre- and post-judgment interest on any award given to the Plaintiff;

    f.      that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

    g.      that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT II:

43 P.S. § 260.1, <em>et. al.</em>

WAGE PAYMENT AND COLLECTION LAW

28. Plaintiff incorporates by reference Paragraphs 1 through 27 as though fully set forth at length herein.

29. As described hereinbefore above, Defendant failed to compensate the Plaintiff for the additional work that he had completed, despite having compensated other administrators for performing supplementary job duties, despite compensating other administrators for additional work.

30. Plaintiff demands that Defendant compensate the Plaintiff a total of $59,500.00 for the additional job duties of:

    a.    chief academic officer, which Plaintiff performed from June of 2017 to July of 2018, at a monthly compensation rate of $3,500.00, totaling $45,500.00; and

    b.    chief of school performance, which Plaintiff performed from March of 2019 to July of 2019, at a monthly compensation rate of $3,500.00, totaling $14,000.00.

31. This compensation, as described hereinbefore above, remain due and payable to the Plaintiff in violation of Pennsylvania's Wage Payment and Collection Law, 43 P.S. § 260.1, *et. al.*

WHEREFORE, the Plaintiff requests that this Honorable Court enter a judgement directing the Defendant to provide compensation to the Plaintiff of $59,500.00 for the additional job duties performed.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: August 28, 2020